# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BRUCE D. BULLOCK, | 2:18-cv-01679-JAD-VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | AMENDED COMPLAINT [EFC No. 4] |
| Defendant. | |

Before the Court is Plaintiff Bruce Bullock's Amended Complaint. (ECF No. 4). For the reasons stated below, Plaintiff's complaint is dismissed without prejudice.

Because the Court previously granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 3), it must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint fails to include several statements critical to showing that Plaintiff is entitled to relief in this action. An individual "may obtain a review of" a "final decision of the Commissioner of Social Security" in "a civil action commenced within sixty days after the mailing…of notice of such

1

decision." 42 U.S.C. § 405(g).[1] Plaintiff's complaint fails to state (1) there was a final decision by the Commissioner and (2) this action was brought within the appropriate time. In addition, the complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff asserts he is "a 100% disabled veteran with many disabilities that prevent [him] from maintaining gainful employment" and "Social Security ignored [his] medical evidence and denied [his] claim." (ECF No. 4 at 1). However, the complaint fails to state (1) what Plaintiff's alleged disabilities are, (2) what the Law Judge's ruling was, and (3) how the Law Judge ignored Plaintiff's medical evidence in making the ruling. These deficiencies may be cured by allowing the Plaintiff an opportunity to file a second amended complaint containing these necessary facts.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Amended Complaint (ECF No. 4) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that by November 16, 2018, Plaintiff must file a second amended complaint as described above. Failure to timely file a second amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if a second amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the second amended complaint. The Court will issue a screening order on the second amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

---

[1] While Plaintiff's complaint states the basis for the Court having personal jurisdiction over Plaintiff, as he is a resident of Nevada (ECF No. 4 at 1), the complaint does not state the basis for the Court having subject-matter jurisdiction over the type of case Plaintiff is bringing.

## NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 15th day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE